UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | (S1) 07 Cr. 453 (SHS) |
| ROBERT COPLAN, MARTIN NISSENBAUM, RICHARD SHAPIRO, BRIAN VAUGHN, DAVID L. SMITH, AND CHARLES BOLTON | DEFENDANTS |

## DECLARATION OF PETER H. BARRETT

Peter H. Barrett, pursuant to 28 U.S.C. §1746, under penalty of perjury, declares as follows:

1. I am an attorney employed by Butler, Snow, O'Mara, Stevens & Cannada, PLLC (hereinafter "Butler Snow"), and I am one of the counsel of record for Brian Vaughn. I have been involved in the representation of Brian Vaughn since the inception of Butler Snow's representation of him in November 2005. I make this Declaration in support of the Vaughn omnibus pretrial motion which seeks relief on Vaughn's behalf. More particularly, this declaration relates to Vaughn's motion for a change of venue from the Southern District of New York to the Middle District of Tennessee, pursuant to Rule 21(b), Fed. R. Crim. P.

2. As one of the attorneys for Brian Vaughn, I have on a number of occasions held meetings with him in the place of his residence, West Monroe, Ouchita Parish, Louisiana. My colleagues, James B. Tucker and Amanda B. Barbour, have also been active in representing Mr. Vaughn. Mr. Tucker is lead counsel and Mr. Vaughn has consulted with

1

both Mr. Tucker and Ms. Barbour on numerous occasions at the Butler Snow office in Jackson, Mississippi. Jackson, Mississippi is approximately a two hour drive from West Monroe, Louisiana.

3. I have personally been to Mr. Vaughn's place of business; I have met or talked to members of his family including his wife, his two youngest children, his former wife who shares custody of Vaughn's two oldest children, and his former employers in West Monroe. I am aware of and have knowledge of Mr. Vaughn's other family members including his brother, his mother and his grandmother, all of whom reside in West Monroe. I have located and have participated in numerous interviews of witnesses related to Butler Snow's representation of Mr. Vaughn in the instant case, most of whom reside or work outside of the Southern District of New York.

4. I am aware of and have knowledge of the fact that Mr. Vaughn is very active in his church (the Family Church of West Monroe), attends church twice per week, and that Mr. Vaughn teaches a Fourth Grade Sunday School class and is otherwise actively involved in his church's Christian education program. I am further aware that Mr. Vaughn is committed to his church's future and that he has depended greatly on his pastor and his fellow members for support during this very stressful time in his life.

5. I am aware of and have knowledge that Brian Vaughn was reared in West Monroe, Louisiana, attended public schools in West Monroe, and graduated from high school in West Monroe. Brian Vaughn attended college at Northeast Louisiana University (now University of Louisiana – Monroe), and graduated with a degree in Accounting. I am aware that Mr. Vaughn during his career as a Certified Public accountant lived in West

2

Monroe, Louisiana, Texas, Arkansas, and Tennessee, but he always maintained close ties with West Monroe and always had a home in West Monroe.

6. Since early 2005, Brian Vaughn has been employed full time in West Monroe, Louisiana. He worked for Pine Valley Foods, and Chefco, a division of Pine Valley Foods as Chief Financial Officer. In 2007, upon the closing of Chefco, Mr. Vaughn along with family members and other investors started Creative Fundraising Solutions, LLC (CFS). The business is essentially the same as had been carried on by Chefco. CFS is a fundraising distributor which markets fundraising plans and merchandise (cookie dough, custom roasted coffee, cheese cakes, pretzels, and pizzas) to non-profit groups such as school support groups (cheerleading clubs, band boosters, parent-teacher organizations), civic support groups (youth sports groups, playground improvement groups), and churches (youth ministry and mission groups). The merchandise and the fundraising plans are then used by the non-profits to fund their activities. Brian Vaughn is manager and is responsible for the day to day operations of CFS. Mr. Vaughn's wife works in the business with him and CFS has fifteen full-time employees and eight contract sales representatives. The success of CFS as well as the continued gainful employment of Mr. Vaughn and his employees depends on Mr. Vaughn being available to oversee CFS's operations in West Monroe, Louisiana. Apart from the income he derives from CFS, Mr. Vaughn has no other means to support himself and his family.

7. Brian Vaughn and his wife have two young sons: Nathan and Joshua, ages two and four. Mr. Vaughn's former wife, Susan, also lives in West Monroe and shares custody, in alternating weeks, with Mr. Vaughn of their two older children, Samantha who is

3

fourteen and Casey, who is ten. Mr. Vaughn maintains a good relationship with his former wife. Because of the income generated by CFS, Mr. Vaughn is current with alimony and child support payments and is timely in making those payments.

8. All of Mr. Vaughn's nuclear family live in West Monroe: his brother, Andrew, as well as his 71 year old mother and 88 year old grandmother. Mr. Vaughn visits daily with his brother and multiple times per week with his mother and grandmother. Mr. Vaughn is devoted to the care of both his mother and his grandmother.

9. In the course of preparing this declaration I have investigated the driving times from various relevant places in the Southeast United States to Nashville, Tennessee. The following driving times are based upon my investigations and my personal experience:

West Monroe, LA to Nashville, TN: 8 hours

Gulfport, MS to Nashville, TN: 7:45 hours

Jackson, MS to Nashville, TN: 6:15 hours

Memphis, TN to Nashville, TN: 3:15 hours

10. Also in the course of preparing this declaration I have investigated the flight times between relevant places in the Southeast United States and New York City. Based upon my investigation and my personal experiences flight times between West Monroe, Louisiana, Jackson, Mississippi, Gulfport, Mississippi and New York City range between six and thirteen hours. In my experience no less than another three hours must be added to flight times to allow for to and from terminal travel and early arrival. All flights between these cities require connections through Houston, Texas, Memphis, Tennessee or Atlanta, Georgia.

11.    If the trial were moved to the Middle District of Tennessee, given the relative distances and accessibility of that District and assuming a Monday-Friday court schedule, Mr. Vaughn could at least devote one full day per week to overseeing CFS and devote one day per week to his family, his spiritual well being and church commitments.  If trial is in the Southern District of New York Mr. Vaughn will be unable to travel to West Monroe, Louisiana on the weekends because of the expense and the time necessary to accomplish such travel.  Even if this Court were to adhere to a Monday - Thursday court schedule, Mr. Vaughn would require all day Friday to fly back to West Monroe and all day Sunday to fly back to New York City.  If the trial were in Nashville, Mr. Vaughn could drive to and from court, leaving at whatever time was convenient for him as opposed to adhering to limited flight schedules out of West Monroe.

12.    During the course of my representation of Brian Vaughn, I have identified, located and interviewed or have become aware of numerous witnesses essential to Mr. Vaughn's defense to the allegations of the indictment in this case.  There are at least seven potential witnesses who reside in Monroe, West Monroe or otherwise in Ouchita Parish, Louisiana.  At least three potential witnesses reside in the Dallas, Texas area, and at least five potential witnesses reside in either the Middle or Western Districts of Tennessee.  Other witnesses I have identified live in Chicago, Illinois, or on the west coast of the United States.  All of these identified witnesses have relatively uncomplicated access to the Middle District of Tennessee, and in most cases it is clearly more convenient for them to appear in the Middle District of Tennessee rather than the Southern District of New York.

13. During my 38 year professional career and during my representation of Brian Vaughn, I have traveled extensively within the Southeast United States (Louisiana, Arkansas, Tennessee, Mississippi, Alabama, Georgia, South Carolina, Texas and Florida), and from the Southeast United States throughout the Continental United States. As a result of my experience, I have knowledge of relative expenses for business travel in the areas I have traveled. Specifically, with respect to the Southern District of New York, I find that it is one of the most if not the most expensive cities in the United States for business travelers. On the other hand, my personal experience is that business travel to the Middle District of Tennessee and the major city located in the District, Nashville, is considerably less expensive. Specifically, airline travel from West Monroe, Louisiana to New York City cost no less than between $750.00 and $1,400.00 for a round trip refundable coach fare. Moreover, travel from points in the Southeast United States to Nashville can also be accomplished by automobile and despite the run up in fuel prices, the cost of transportation is still close to the published government rate of just over .50 cents per mile.

14. Based upon my investigations to date, the financial burden to Mr. Vaughn and his family associated with a three month trial in New York City, the expense of travel for Mr. Vaughn and his family during trial and the inability to manage CFS will be devastating.

15. Butler Snow, the lead counsel for Mr. Vaughn, has a substantial presence in Tennessee with a major office in Memphis, Tennessee, with approximately 40 resident lawyers. Most of those resident lawyers are admitted to practice in all courts in Tennessee and engage in substantial practice in Nashville, Tennessee. In addition, one of Mr. Vaughn's enrolled counsel, Robert G. Anderson of Butler, Snow, O'Mara, Stevens & Cannada, PLLC,

6

is an active member in good standing of the Tennessee Bar and practices regularly in that jurisdiction.

16. Another circumstance that weighs in Mr. Vaughn's favor in his request for transfer is the substance of pre-indictment conversations between the government and Mr. Vaughn's lawyers. In April 2007 James Tucker and I on Mr. Vaughn's behalf attended a pre-indictment conference at the United States Department of Justice Tax Division Office in Washington, D.C. Among those present were John Sullivan of the Tax Division and an attorney of record for the United States and who I believe was the reviewer assigned to the instant prosecution and AUSA Deborah Landis of the Southern District of New York. Ms. Landis I recall attended by conference call. Prior to the conference, Mr. Tucker and I had been advised that one of the charges contemplated was a false statement charge under the Internal Revenue Code. We advised Mr. Sullivan and Ms. Landis that venue was not proper in the Southern District of New York. We received no response from the government at that time. It was not until we were furnished a copy of the indictment that we discovered the false statement charge had been brought under 18 U.S.C. 1001 (Count 10). In my view, for the reasons stated in Vaughn's omnibus pretrial motion, the venue defect was not cured. The result of that defect is that venue in the Southern District of New York is most convenient for the government and its prosecutors, but it imposes a great and most significant hardship on Mr. Vaughn.

17. The overall caseload of the Southern District of New York is significantly greater than that of the Middle District of Tennessee. According to the United States Administrative Office of Courts (www.uscourts.gov), the Middle District of Tennessee for

the year 2007 had only 1,844 cases pending; whereas the Southern District of New York had 24,791 cases pending – 1,344% more cases than the Middle District of Tennessee.

THIS the 5th day of May, 2008.

*(signature)*
PETER H. BARRETT, Attorney for Brian Vaughn
**Butler, Snow, O'Mara, Stevens & Cannada, PLLC**
1300 – 25th Avenue, Suite 204
Gulfport, MS  39501
Post Office Drawer 4248
Gulfport, MS  39502-4248
Telephone:  (228) 575-3047
Facsimile:  (228) 868-1531
E-mail: peter.barrett@butlersnow.com

Jackson 2907927v.1