**EXHIBIT L**

# Butler | Snow

March 26, 2008

Deborah E. Landis, Esq.
Assistant U.S. Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

                Re:    United States v. Coplan, et al,
                           07 Cr. 453 (S-1) (SHS)

Dear Debbie:

    You will have by now received a letter from all counsel which addresses on behalf of all the defendants common issues involving discovery and <u>Brady</u> requests. We join in that letter and add one further item to the discovery requests: kindly provide to us any privilege logs which were provided by individuals or entities who have produced documents to the Government in conjunction with their responses to grand jury subpoenas in the investigation.

    I write separately because there are several specific items which I request that you respond to with respect to Brian Vaughn ("Vaughn") in advance of the May 5 date for defense motions.

    Counts Two and Three of the Superseding Indictment charge Vaughn with the attempted tax evasion by L. Trading and C. Partnership. The only way in which the Government can bring Vaughn specifically within the six-year statute of limitations for those offenses, 26 U.S.C. § 6531, is by claiming that Vaughn aided and abetted in conduct which post-dated the filing of the returns in those Counts, for example, in aiding and abetting L. Trading and C. Partnership in their participation in the IRS amnesty program (¶'s 103 and 110, respectively), or in the testimony provided to the IRS by the representative of L. Trading or the partner of C. Partnership (¶'s 104 and 112, respectively). I leave out of this equation the alleged tax evasion of T.M. and K.M., Count Four, because the Superseding Indictment was returned within six years of April 15, 2002, the last date for the filing of their 2001 tax return. Whatever may be otherwise wrong in Count Four with respect to Vaughn,

| Post Office Box 22567<br>Jackson, MS 39225-2567 | JAMES B. TUCKER<br>601.985.4544<br>james.tucker@butlersnow.com | 210 East Capitol Street, 17th Floor<br>Jackson, MS 39201 |

T 601.948.5711 • F 601.985.4500 • www.butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

Deborah E. Landis, Esq.
March 26, 2008
Page 2

it does not present on its face the specialized problem in Counts Two and Three, where the filing of the returns was outside the six-year statute of limitations.[1]

There are two sides to this coin: one is the Government's obligation to provide particulars specifically addressed to its claim that Vaughn aided and abetted in conduct which extended the statute of limitations beyond the date on which the returns were filed, see, generally, United States v. Bortnofsky, 820 F.2d 572, 574 (2d Cir. 1987)[2] and two, the requirement that the Government provide Vaughn with Brady information that exculpates him from a charge of aiding and abetting in the post-filing conduct which might otherwise extend the statute of limitations. Here, then, are our requests for particulars and our Brady requests for Counts Two through Four, and Count Ten, the false statement charges which relate solely to Vaughn.

## Demand For A Bill Of Particulars

### Count Two

1. State whether, with respect to ¶99, the Government will claim that Vaughn was among the "E&Y personnel [who] met with representatives of the L. Trading Group" in July, 2000 and, if so, where and when that alleged meeting took place and who else was present.

2. State whether, with respect to ¶102, the Government will claim that Vaughn was among those personnel of Ernst & Young at whose "behest" the "managing member of the L. Trading Group signed a representation letter that had been drafted by Law Firm A."

---

[1] I am aware, of course, of the two stipulations between us involving the tolling of the statute of limitations for a period of approximately five and a half months. Those stipulations, however, were restricted to charges against Vaughn for his involvement "in the design, marketing, and implementation of strategies . . .," and not to any other conduct, such as the preparation of amnesty letters or testimony by taxpayers in connection with the Government's investigation of the tax strategies.

[2] In each of the requests for particulars concerning Counts Two and Three, I have specifically asked that you state the basis, principal or aider or abettor, on which the Government will claim that Vaughn is criminally liable. I have assumed the latter but have nonetheless asked you to be explicit in that regard.

Deborah E. Landis, Esq.
March 26, 2008
Page 3

3. With respect to the allegations contained in ¶102, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the 2002 opinion letter from Law Firm A for L. Trading Group. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

4. With respect to the allegations contained in ¶103, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the preparation and submission of the 2002 L. Trading Group amnesty letters. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

5. With respect to the allegations contained in ¶104, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding L. Trading Group's August 26, 2003 appearance before the IRS. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

### Count Three

6. State whether, with respect to ¶107, the Government will claim that Vaughn was among the "E&Y personnel [who] met with representatives of the C. Partnership" in July 2000 and, if so, where and when that alleged meeting took place and who else was present.

7. State whether, with respect to ¶110, the Government will claim that Vaughn prepared or assisted in the preparation of the so-called "Amnesty letters" signed by the partners of C. Partnership which disclosed their Add-On transaction to the IRS.

8. With respect to the allegations contained in ¶110, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the preparation and submission of the 2002 C. Partnership's amnesty letters. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

Deborah E. Landis, Esq.
March 26, 2008
Page 4

9.  With respect to the allegations contained in ¶111, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the 2002 draft opinion letter from Law Firm A for C. Partnership. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

10. With respect to the allegations contained in ¶112, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the C. Partnership's December 15, 2003 appearance before the IRS. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

### Count Four

11. State whether, with respect to ¶117, the Government will claim that Vaughn was the E&Y representative who spoke with K.M. and, if so, whether that was a face-to-face conversation and, the time and date of the conversation, and if in person, where it took place.

12. State whether, with respect to ¶118, the Government will claim that Vaughn advised T.M. to exercise his stock options and, if so, when, where and by what means such advice was provided by Vaughn.

13. With respect to the allegations contained in ¶121, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the 2001 representation letter drafted by Law Firm A and signed by T.M. and K.M. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

14. With respect to the allegations contained in ¶122, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the 2001 representation letter drafted by Law Firm A and signed by T.M. and K.M. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

Deborah E. Landis, Esq.
March 26, 2008
Page 5

15. With respect to the allegations contained in ¶123, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the opinion letter from Law Firm A for T.M. and K.M. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

16. With respect to the allegations contained in ¶124, specify, by time and date, the geographical location of the conduct that Vaughn is alleged to have engaged in regarding the preparation and submission of the 2002 T.M. and K.M. amnesty letter. Specify whether, in respect to these allegations, Vaughn is alleged to have acted as principal or aider and abettor.

## Count Ten

17. With respect to the allegations contained in ¶133 (b), (c), (k), (l), (m), and (n), identify the documents which the Government will claim show Vaughn's knowledge of the calculation of fees received by Ernst and Young for the tax strategies alleged in ¶5 of Count One (Contingent Deferred Swap, Currency Options Bring Reward Alternatives, Contingent Deferred Swap Add-On, and Personal Investment Corporation).

18. With respect to the allegations contained in ¶133 (y) and (z), identify the documents which the Government will claim to relate to the creation and maintenance of the alleged database, as well as any documents which the Government will claim show Vaughn's alleged knowledge of the database.

19. With respect to the allegations contained in ¶133 (s), (t), (u), and (v), identify the documents which the Government will claim shows the motives for Ernst & Young's clients entering and withdrawing from the tax strategies alleged in ¶5.

20. With respect to the allegations contained in ¶133 (g), identify the documents which the Government will claim relates to the designation of subject matter experts for the tax strategies alleged in ¶5, as well as documents the Government will claim relates to Vaughn's knowledge of their status as subject matter experts.

Deborah E. Landis, Esq.
March 26, 2008
Page 6

    21.    With respect to the allegations contained in ¶133 (o), identify the documents which the Government will claim show Vaughn's knowledge of Robert Coplan's role in the tax strategies alleged in ¶5.

    22.    With respect to the allegations contained in ¶133 (q), identify the documents which the Government will claim show Vaughn's knowledge of Belle Six's whereabouts.

### Brady Requests [3]

With respect to the charges of attempted tax evasion in Counts Two, Three and Four, provide information which the Government has tending to show that Vaughn had no knowledge of, did not participate in, nor did he aid and abet in the alleged conduct which postdates the filing of the tax returns that are the subject of those charges.

With respect to the false statement charges in Count Ten, provide information which the Government has tending to show that Vaughn's answers to the questions were not false, or that Vaughn lacked the intent to deceive in providing the answers which he did.

### Request Pursuant to Rule 12(b)(4)(B), Fed. R. Crim. P.

The third item which I want to focus on in this letter concerns the requirement of Rule 12(b)(4)(B), Fed.R.Crim.P., that the Government, upon demand, provide the defense with notice of its intent to use evidence which the defense could move to suppress under Rule 12(b)(3)(C). In this instance, we request that you identify to us whether you intend to use as part of the Government's case-in-chief any statements made by Vaughn's co-defendants following the commencement of the IRS investigation of the tax shelters which are at issue in this prosecution. That would include, but is not necessarily limited to the IRS and other depositions of Messrs. Coplan, Shapiro, Nissenbaum, Bolton and Smith, as well as the interviews of Messrs. Coplan, Shapiro and Nissenbaum by counsel for Ernst & Young. I believe that the use at trial by the Government of any post-investigatory statement by one of Vaughn's co-defendants would be subject to a pre-trial motion to suppress on Sixth Amendment confrontation grounds. See, e.g., United States v. Baines, 486 F. Supp. 1288

---

[3] These are our initial Brady requests and will, if necessary, be supplemented during the pretrial preparation phase of this matter.

Deborah E. Landis, Esq.
March 26, 2008
Page 7

(D. N. M. 2007). In order to make that application, however, it is necessary for the Government to identify, under the Rule, the statements it will be using at the trial. Cf. United States v. Stein, 2007 WL 3009650 (S.D.N.Y.) I request, therefore, that you make that identification in sufficient time in advance of May 5 so that we can adequately deal with the issue in our motion papers. If you do not intend to use any of those statements, please advise me so that no application need be made to the Court.

     Finally, I note that you have not provided to me a response to the inquiries made in my letter to you of February 29. I would appreciate a reply to that letter as soon as possible because any further delay impacts on our ability to meet the Court's motion schedule. Your continued solicitude with respect to the defense pretrial motion schedule is appreciated.

                              Sincerely yours,

                              James Tucker

cc:    All Defense Counsel

Jackson 2801361v.1