Case 1:07-cr-00453-SHS   Document 69-23   Filed 05/05/2008   Page 1 of 5

**EXHIBIT R**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA              :

    - against -                                      :          S1 05 Cr. 888 (LAK)

JEFFREY STEIN et al.,                              :

                             Defendants.   :

------------------------------------------------------------ X

       SHIRAH NEIMAN, pursuant to Title 28, United States Code, Section 1746, hereby declares under penalty of perjury:

       1.    I am an Assistant United States Attorney and Chief Counsel to the United States Attorney in the Office of Michael J. Garcia, United States Attorney for the Southern District of New York. I am also the Office's primary liaison with the Internal Revenue Service, Criminal Investigation Division ("IRS CI") and the Criminal Enforcement Section of the Tax Division of the Department of Justice with respect to criminal tax matters. I submit this declaration in connection with the Government's opposition to the defendants' renewed motion to dismiss the Indictment.

       2.    I understand that defendant Smith has asserted to the Court that as early as June 2003 the Department of Justice *"including the SDNY, was already involved in this matter . . . and clearly contemplated prosecution despite not having received an IRS referral."* (June 29, 2007, Reply Memorandum of Richard Smith in Further Support

1

of Defendants' Motion to Dismiss the Indictment ("Smith Reply Mem.") at 11 (emphasis in original)). That assertion is inaccurate.

3. With limited exceptions not relevant to tax shelter investigations, United States Attorneys' Offices are not permitted to conduct criminal tax grand jury investigations without the prior approval and authorization of the DOJ Tax Division's Criminal Enforcement Section. Criminal tax grand jury investigations are opened in two ways. IRS CI can make a criminal referral to the Tax Division's Criminal Enforcement Section on its own initiative. The Tax Division can then approve and authorize the opening of a tax grand jury investigation, and either keep the investigation in-house or assign it to a U.S. Attorney's Office. Alternatively, a United States Attorney may request IRS CI to refer a criminal tax grand jury investigation to the Tax Division and request that the Tax Division approve and authorize the opening of that grand jury investigation. The approved grand jury investigation is often referred to as a tax grand jury investigation.

4. During 2002, 2003, and 2004, I was involved in efforts to open a tax grand jury investigation into the development, marketing and implementation of a particular tax shelter by a tax shelter promoter that was not KPMG, and involving a shelter not promoted by KPMG. The U.S. Attorney for the Southern District of New York made written requests to IRS CI to refer, and DOJ's Tax Division to approve and authorize, a tax grand jury investigation relating to that tax shelter. No KPMG tax shelters, partners, or employees would have been subjects of that proposed investigation. During this time period I had conversations with individuals at DOJ Tax Division's

Criminal Enforcement Section and at the Internal Revenue Service about our requests to open this tax grand jury investigation. None of those communications related to KPMG. A tax grand jury investigation with respect to this other matter was eventually referred and authorized some time after the criminal referral of the KPMG matter (discussed below). Prior to the Tax Division's approval and authorization of the tax grand jury investigation, we did not conduct a tax grand jury investigation or any other tax investigation relating to this tax shelter or any of the individuals or entities involved in its promotion.

     5.    In or about late December 2003, I learned that IRS CI had made a criminal referral relating to KPMG to the Criminal Enforcement Section of the Tax Division. In February 2004, the Tax Division approved and authorized the opening of a tax grand jury investigation of numerous individuals involved in certain tax shelters promoted by KPMG and others, and referred that investigation to the Southern District of New York, at which point this Office's tax grand jury investigation commenced. Prior to the February 2004 referral, this Office did not conduct a tax grand jury investigation or any other tax investigation of KPMG or its partners or employees involved in tax shelter activities. Prior to the February 2004 referral, to my knowledge nobody in this Office conducted any such investigation, requested or received substantive information from any component of the IRS or the Tax Division regarding any IRS investigation of KPMG, or directed or suggested that the IRS or the Tax Division take (or not take) any particular investigative steps or investigative actions with regard to KPMG. In particular, at no time

prior to the February 2004 referral did we request or receive any "return information" (as defined in 26 U.S.C. § 6103) from either the IRS or the Tax Division with respect to KPMG.

I declare under penalties of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated:    New York, New York
          July 11, 2007

_____
SHIRAH NEIMAN
Assistant United States Attorney

4