**EXHIBIT J**

  **U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 16, 2008

By Fax and First Class Mail

James Tucker, Esq.
Butler, Snow, O'Mara, Stevens, and Cannada
AmSouth Plaza
210 East Capitol Street
Suite 1700
Jackson, MS 39201

    Re:    <u>United States v. Coplan et al., S1 07 Cr. 453 (SHS)</u>

Dear Mr. Tucker:

    We write in response to your letter dated March 26, 2008 requesting disclosure of various items of information. First, your letter requests all privilege logs which were provided to the Government by parties who produced documents in connection with this matter. We do not believe this material falls within the parameters of Rule 16. If you would like to provide any authority for this request, we will be happy to review it.

    Second, with respect to Counts Two and Three of the Superseding Indictment, we decline at this time to provide the particulars you request,[1] and note that we disagree with your conclusion that the "only way in which the Government can bring Vaughn specifically within the six-year statute of limitations for those offenses, 26 U.S.C. § 6531, is by claiming that Vaughn aided and abetted in conduct which post-dated the filing of the returns in those Counts." March 26, 2008 Ltr. p.1.

    Third, your letter also requests that the Government identify statements made by "Vaughn's co-defendants following the commencement of the IRS investigation of the tax shelters," March 26, 2008 Ltr. p. 6. because you believe that the use at trial of such statements "would be subject to a pre-trial motion to suppress on Sixth Amendment confrontation grounds."

---

[1]     We will respond more completely to the portion of your letter requesting a bill of particulars when we respond to the April 9, 2008 letter of Isabelle Kirshner, Esq., requesting a bill of particulars on behalf of all the defendants.

James Tucker, Esq.
April 16, 2008
Page 2

*Id.* The Government is not aware of any valid basis upon which a suppression motion could be filed in this case with respect to any of the defendants' statements, and indeed, you have not identified one. To the extent you are suggesting that the admission of certain statements by one or more of the defendants may implicate potential *Bruton* issues, or that you may wish to argue that certain statements are inadmissible hearsay because they were not made "in furtherance of the conspiracy," *see* Fed. R. Evid. 801(d)(2)(E), the Government is aware of this possibility. We are not, however, in a position to identify at this early date all of the specific statements that we intend to offer either as co-conspirator statements, or as admissions against a particular defendant, beyond the general references in the Superseding Indictment to statements which constituted overt acts in furtherance of the conspiracy. *See, e.g.*, Superseding Indictment ¶¶ 97 (mm), (eee), (fff), (hhh) through (kkk). As the trial approaches, we will work with defense counsel to attempt to resolve any potential *Bruton* issues in sufficient time for you to seek relief from the Court if necessary. To the extent you intend to argue that other statements being offered as co-conspirator statements are not admissible, the appropriate time to make that motion is either just prior to trial or at trial. *See United States v. Stein* 2007 WL 3009650 at *1 (S.D.N.Y. Oct. 15, 2007).

Finally, your letter seeks a response to your previous letter of February 29, 2008. Attached is a copy of the letter sent by AUSA Deborah Landis to Peter Barrett on August 8, 2007. If you have any legal authority to support your request for information about possible violations of Section 6103 in connection with the Ernst & Young investigation, or you have any factual basis to believe a violation has been committed, please bring those matters to our attention.

Very truly yours,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: *[signature]*
Lauren Goldberg / Marshall A. Camp
Assistant United States Attorneys
(212) 637-1040/1035

cc: Defense Counsel