**EXHIBIT M**

# BUTLER | SNOW

July 18, 2007

**VIA EMAIL AND FEDERAL EXPRESS**

Email: Deborah.Landis@USDOJ.gov

Deborah E. Landis, Esquire
Assistant U.S. Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

    Re:    United States v. Coplan, et al., 07 Cr. 453 (SHS)

Dear Ms. Landis:

    We write this letter in connection with a deposition of our client which has been scheduled to take place this Friday in Shreveport, Louisiana. The notice to depose Mr. Vaughn comes from the Department of Justice which is defending the United States in In re: COBRA Tax Shelters Litigation, S.D. Ind. Dkt # 05-9727, a multidistrict litigation. We had moved, prior to the indictment of Mr. Vaughn, to stay or suspend that deposition, but our application was denied by United States Magistrate Judge Mark L. Hornsby. For your convenience, I have enclosed a copy of the court's Memorandum Order of May 22, which was first provided to the parties on July 2.

    On Monday of this week, in the KPMG case, United States v. Stein, S1 05 Cr. 0888 (LAK), District Judge Kaplan noted that facts had recently come to light in that tax shelter prosecution which were sufficient to be treated as the basis for a separate defense motion that the Internal Revenue Service had "engaged in improper and possibly criminal misconduct by disclosing and receiving, respectively, tax return information in violation of 26 U.S.C. § 6103." Stein opinion, at p. 31, n. 85.

    Our review of the transcript of the oral argument of July 2, 2007 before Judge Kaplan, together with publicly filed documents in the Stein case, shows that at least one Department of Justice Attorney in the KPMG case, who also was functioning in the investigation of our client, is at the center of the claims made by the defendants in the Stein case.

    It is my understanding that the serious issue alluded to by Judge Kaplan concerns an acknowledgement by Kevin M. Downing, a Senior Trial Attorney in the Criminal Enforcement

| | **PETER H. BARRETT** | *Whitney National Bank Building* |
| --- | --- | --- |
| *Post Office Drawer 4248* | 228.575.3047 | *1300 25th Avenue, Suite 204* |
| *Gulfport, MS 39502* | peter.barrett@butlersnow.com | *Gulfport, MS 39501* |

T 228.864.1170 • F 228.868.1531 • www.butlersnow.com

BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

Deborah E. Landis, Esquire
July 18, 2007
Page 2

Section of the DOJ Tax Division, that in March, 2003, prior to the 2005 indictment of the KPMG defendants, he had met with attorneys from the DOJ Civil Tax division and had reviewed a deposition of a KPMG accountant and defendant in the Stein case. That deposition had been provided in connection with a private civil litigation which, according to counsel for the accountant defendant, had been subject to a confidentiality agreement.

In addition, it is my understanding that Mr. Downing has also acknowledged having also received KPMG return information, prior to the criminal referral of the KPMG matter by the IRS to the DOJ Tax Division, which was in December, 2003. He received that information in connection with IRS summons enforcement proceedings in 2003 relating to KPMG.

In a separate letter today to Joseph Pitzinger, Esq., the DOJ attorney who is responsible for noticing the deposition of Mr. Vaughn, we have requested his assurances that no disclosures in violation of 26 U.S.C. § 6103 have been made in connection with the investigation of Mr. Vaughn and Ernst & Young, or, in the alternative, agree to a postponement of the deposition. I have enclosed a copy of that letter.

We view the impending deposition of our client as a serious abuse by the government, given the fact that an indictment has, since Judge Hornsby's ruling, been returned which, we note, contains criminal allegations concerning the very COBRA tax shelters at issue in In Re: COBRA Tax Shelters Litigation. That abuse is, we believe, about to be further compounded because of the unresolved disclosure issues as between the IRS and the attorneys in the DOJ. Because the sole objective of taking Mr. Vaughn's deposition is to force repeated assertions of the Fifth Amendment Privilege, there can be no possible justification for the Department of Justice to continue its pursuit of his testimony. Moreover, it would further compound any abuse of the anti-disclosure provisions in Section 6103. We underscore that no other party in the COBRA civil litigation has sought to depose Mr. Vaughn.

In the event that your office is either unwilling or unable to persuade your DOJ civil division colleagues to postpone the Vaughn deposition, and save for another day the §6103 disclosure issue, we request that you provide to us the following information as soon as possible:

(1)    The date on which the IRS referred this case to the DOJ for criminal investigation, and a copy of that referral.

(2)    The date on which any written request from the Attorney General or other DOJ official specified in 26 U.S.C. § 6103(h)(3)(B) was made to the IRS and, if such a request was made, provide a copy.

(3)    Copies of all communications between DOJ attorneys with responsibility for the criminal enforcement of the tax law, and IRS personnel, or DOJ civil enforcement attorneys involved in the investigation of the so-called Ernst & Young tax shelters prior to the earliest date of (1) or (2) above.

Deborah E. Landis, Esquire
July 18, 2007
Page 3

      (4)    Identify all instances in which, prior to the earliest date of (1) or (2) above, Mr. Downing or anyone else in the Criminal Enforcement Section of the DOJ Tax Division received return information from the IRS which had been provided by Ernst & Young in connection with the IRS tax shelter investigation of Ernst & Young and Mr. Vaughn.

      Thank you for your prompt attention to this matter.

Very truly yours,

*Peter H. Barrett* (signature)

Peter H. Barrett

enclosure

Jackson 2203250v.1

# BUTLER | SNOW

July 18, 2007

Email: Joseph.A.Pitzinger@USDOJ.gov

Joseph A. Pitzinger, III
U. S. Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, TX 75201

    Re:    In re: COBRA Litigation, Deposition of Brian Vaughn

Dear Mr. Pitzinger:

    I write to you in connection with this Friday's scheduled deposition of this firm's client, Brian Vaughn, in the above-referenced matter. This deposition was noticed by the government and has been scheduled to go forward over our express opposition, based upon the existence of the government's criminal charges pending against Mr. Vaughn in the United States District Court for the Southern District of New York. On May 22, 2007, U. S. Magistrate Judge Hornsby rejected our request for a stay of the deposition. (You will recall that the Court's Opinion and Order was not communicated to us until July 2, 2007.) As I'm sure you are aware, the situation has changed since our motion and now Mr. Vaughn is a defendant in U. S. v. Coplan, et al., No. 07-Cr-4513, USDC, SDNY. The charges in that case arise out of certain transactions including the COBRA transactions which are the subject of the multidistrict litigation in which you seek Mr. Vaughn's testimony.

    Monday, in United States v. Stein, et al., S1-05 Cr. 888 (S.D.N.Y.)(LAK), United States District Judge Lewis Kaplan dismissed criminal charges against 13 of the defendants in the KPMG tax shelter presentation. In the course of his opinion, Judge Kaplan stated as follows (Opinion at 31, n. 84):

> The KPMG Defendants, on the basis of documents that only recently have come to light, maintain also that the Internal Revenue Service and the Department of Justice engaged in improper and possibly criminal misconduct by disclosing and receiving, respectively, tax return information in violation of 26 U.S.C. § 6103. See Smith Reply [dkt. item 1075] 4-15. As this contention first was raised in their reply papers, the Court is treating that contention as a separate motion and has established a separate briefing schedule.

Post Office Drawer 4248
Gulfport, MS 39502

PETER H. BARRETT
228.575.3047
peter.barrett@butlersnow.com

Whitney National Bank Building
1300 25th Avenue, Suite 204
Gulfport, MS 39501

T 228.864.1170 • F 228.868.1531 • www.butlersnow.com
BUTLER, SNOW, O'MARA, STEVENS & CANNADA, PLLC

Joseph A. Pitzinger, III
July 18, 2007
Page Two


     The serious issue alluded to by Judge Kaplan concerns an acknowledgement by Kevin M. Downing, a Senior Trial Attorney in the Criminal Enforcement Section of the DOJ Tax Division, that in March, 2003 prior to the 2005 indictment of the KPMG defendants, he had met with attorneys from the DOJ Civil Tax division and had reviewed a deposition of a KPMG accountant and defendant in the Stein case. That deposition had been provided in connection with private civil litigation which, according to counsel for the accountant defendant, had been subject to a confidentiality agreement.

     In addition, it is my understanding that Mr. Downing has also acknowledged having received KPMG return information, prior to the criminal referral of the KPMG matter by the IRS to the DOJ Tax Division, which was in December, 2003. He received that information in connection with IRS summons enforcement proceedings in 2003 relating to KPMG.
Mr. Downing, as a Senior Trial Attorney, was also involved in the investigation of the Ernst & Young so-called tax shelters, as well as the investigation of our client, Brian Vaughn. The extent to which he was involved is something which I am not, at this very early point in the discovery process in the criminal case against Mr. Vaughn, able to state. But I can demand, as I do now, that prior to the taking of Mr. Vaughn's deposition, that you, or someone else with the Department of Justice with access to the necessary information, categorically and authoritatively assure me that there have been no disclosures in the investigation of Ernst & Young and the investigation and prosecution of my client which were in violation of the U.S.C. § 6103 ("Confidentiality and disclosure of returns and return information").

     Given the fact that (1) this deposition of Mr. Vaughn in this matter has been sought alone by the government; given (2) the earlier IRS promoter penalty audit of Ernst & Young, which began in April, 2002; and (3) the subsequent deposition of Mr. Vaughn in June, 2002 it is clear to me that, by taking the deposition of Mr. Vaughn the government will be improperly advancing its position on the shoulders of possibly serious constitutional and statutory violations of law.

     In the absence of the assurances that I have requested, I alternatively invite you to agree that the currently scheduled deposition of Mr. Vaughn be adjourned without date, thereby allowing both sides to fully ascertain the facts pertinent to these important issues.

                                          Very truly yours,

                                          Peter H. Barrett


enclosure



Jackson 2202238v.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

In Re: COBRA Tax Shelters Litigation          Misc. No. 07-0018
                                              (Pending in the Southern
                                              District of Indiana, 05-9727)

**MEMORANDUM ORDER**

Before the court is Respondent Brian Vaughn's Motion to Stay or Suspend Deposition and Motion to Quash Subpoena Duces Tecum (Doc. 2). For the reasons that follow, the Motion is denied.

**Background**

This is a civil proceeding seeking the re-determination of final partnership and administrative adjustments to various income tax returns of partnerships. According to the briefs in this court, the crux of the case – which has been consolidated with others in the Southern District of Indiana for the purpose of multi-district litigation – is the tax advice rendered to the partnerships by legal counsel, including employees of Ernst & Young, LLP. At the time the advice in question was rendered, Vaughn was an employee of Ernst & Young.

The United States has served Vaughn – a nonparty to the civil proceedings – with a deposition subpoena and subpoena duces tecum for June 5, 2007 in Shreveport. Vaughn seeks to stay or delay his deposition (and the production of the documents) pending resolution of parallel criminal proceedings. According to Vaughn's motion, he has been advised that he is a target of a criminal investigation related to this matter and that his

indictment is imminent. Vaughn argues that, if he is compelled to give a deposition, he will invoke his Fifth Amendment right against self-incrimination.

The United States opposes Vaughn's motion and argues that Vaughn's attempt to avoid a deposition by making a blanket Fifth Amendment claim is improper. The United States argues that Vaughn must appear for his deposition and invoke his rights as to each question (and document request), as appropriate.

**Analysis and Conclusion**

Vaughn's request to stay or postpone his deposition – on the grounds that he will assert his Fifth Amendment rights – is not appropriate. Courts generally do not allow blanket claims of the Fifth Amendment. Roundtree v. United States, 420 F.2d 845, 852 (5th Cir. 1969); United States v. Lewis, 604 F.Supp. 1169 (E.D. La. 1985). Instead, the witness must present himself with his records for questioning and elect to raise (or not raise) the defense with respect to each question or document request. Only then will the court be able to evaluate whether the claims of privilege are justified. Lewis, supra. See also United States v. Pate, 105 Fed.Appx. 597 (5th Cir. 2004)("However, the court cannot issue a blanket refusal on the Fifth Amendment claim, but rather, must consider each document or question, and determine if, in each instance, the claim of self-incrimination is well founded.").

Accordingly, Vaughn's motion is **denied**. He must present himself for deposition and raise his Fifth Amendment right with regard to each question and/or document request. Regarding the breadth and scope of the subpoena duces tecum, however, Vaughn need not

produce any documentation that is outside of his possession, custody or control. Furthermore, a written privilege log need not be prepared by Vaughn in advance. Once the deposition is completed, the United States may challenge, by an appropriate written motion, the propriety of Vaughn's assertions of his Fifth Amendment rights.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 22nd day of May, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE