**EXHIBIT O**

 

LAW OFFICES
# PAUL B. BERGMAN, P.C.

April 14, 2008

PAUL B. BERGMAN

BRIAN C. DANAHY

**BY TELECOPIER (212) 805-7954**

Hon. Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

                        Re:    United States v. Coplan, et al,
                                  (S-1) 07 Cr. 453 (SHS)

Dear Judge Stein:

      I am local counsel for Brian Vaughn, one of the defendants in the above captioned matter. I seek the Court's assistance in obtaining certain sealed ministerial Court documents relating to the empanelment and extensions of the Grand Jury which returned the recent Superseding Indictment, and the first Grand Jury, if different, which returned the original Indictment against Mr. Vaughn. The original Indictment in this prosecution was filed on May 22, 2007 and the Superseding Indictment was filed on February 19, 2008 (collectively, the "Indictments").[1]

---

[1] The legible signature of the foreperson of the Grand Jury who signed the original Indictment contrasts with the illegible foreperson's signature on the Superseding Indictment, suggesting that two grand juries are involved. If the first Grand Jury was a statutory Special Grand Jury, its term could have been as short as 18 months and as long as 36 months. 18 U.S.C. § 3331. If it were a regular Rule 6(g) Grand Jury, its term could be no longer than 24 months. We know that a Southern District Grand Jury began its investigation of the Ernst & Young tax shelters in this matter at least as early as May 19, 2004, so that if that same Grand Jury returned the first Indictment, and certainly the Superseding Indictment, it would have been acting beyond its original 18-month term, and even its term extended to 36 months, assuming that it was a Special Grand Jury empanelled under 18 U.S.C. §§ 3331-3333. No other type of Federal Grand Jury has a potentially greater life-span within which to return an indictment. In United States v. Fein, 504 F.2d 1170, 1180 (2d Cir. 1974), the Court upheld the dismissal of an indictment

. . . /. . .

950 THIRD AVENUE, NEW YORK, N.Y. 10022-2705 • E-MAIL: berglaw@mindspring.com
TELEPHONE 212.355.7711 • TELECOPIER 212.755.5509

 

PAUL B. BERGMAN, P.C.
Hon. Sidney H. Stein
April 14, 2008
Page 2

      The documents we seek are not subject to the Grand Jury secrecy provisions of Rule 6(e), Fed. R. Crim. P., and should, without more, be available to us as a public record. But their disclosure is also necessary to (1) specifically ascertain whether the Indictments were returned within the lawful term of the Grand Jury, and (2) to determine whether the Grand Jury had jurisdiction to return the false statement charge, 18 U.S.C. §1001, against Mr. Vaughn in Count Three of the original Indictment, now Count Ten of the Superseding Indictment. The false statement charge arises wholly from a deposition given by Mr. Vaughn in Nashville, Tennessee; a Special Grand Jury convened under 18 U.S.C. §§3331-3333 has jurisdiction only to "inquire into offenses alleged to have been committed within that district," (emphasis added) 18 U.S.C. §3332, which in this case is the Southern District of New York, not the Middle District of Tennessee.

      Specifically, the documents we seek are the Order(s) empanelling the Grand Jury (or Juries) which returned the Indictments, any orders extending the Grand Jury's term prior to the return of the Indictments, and the filed Government applications to the Court for the empanelment and extension Orders. We also request access to other ministerial documents on file with the Clerk's office, which I understand to include at least the True Bill Form, a document which will identify the Grand Jury that voted the True Bill and returned the Indictment. It is my understanding from speaking with the Court's Jury Administrator, Mr. Jerome Grate, that the latter document is provided to the Magistrate Judge or District Judge before whom the indictment is returned,[2/] and thereafter customarily filed under seal. That document will, I believe, identify the Indictments to the specific Grand Jury which voted their return. The other documents which we request are also, I have been advised, kept under seal and are not generally available for public inspection.

---

. . . *footnote continued*

returned by a Rule 6(g) Grand Jury following the expiration of its 18-month term, and in United States v. Macklin, 523 F.2d 193, 195 (2d Cir. 1975) (Gurfein, J.), the Court held such a post-term ending indictment to be a "nullity."

[2/] Rule 7 ("Criminal Proceedings") of the Court's Rules for the Division of Business Among the District Judges, provides that "Indictments designated for Foley Square may be returned by the grand jury to the magistrate judge presiding in the criminal part, in open court."

PAUL B. BERGMAN, P.C.
Hon. Sidney H. Stein
April 14, 2008
Page 3

      These documents we request have consistently been held to be "ministerial" and, therefore, not covered by the Grand Jury Secrecy provision of Rule 6(e). As stated in one leading treatise, "[m]inisterial grand jury records, such as records reflecting the empanelling and extension of the grand jury, are not within the reach of Rule 6(e) because they reveal nothing of substance about the grand jury's investigation." 1 Sara Sun Beale, et al., Grand Jury Law & Practice §5:6, at n.2 (2d Ed. 2007). See also In Re Cudahy, 294 F.3d 947, 951 (7th Cir. 2002) (Posner, J.) (quoting Beale treatise with approval); In Re Grand Jury Investigation; 903 F.2d 180, 182, 184 (3rd Cir. 1990) (Becker, J.) (also quoting the Beale treatise with approval, stating that, "American courts have long recognized a general right of access to court records," citing Nixon v. Warner Communication, Inc., 435 U.S. 589 (1978); In re Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 781 (9th Cir. 1982) (records of the grand jury, such as the empanelment and extension orders, are ministerial records not subject to grand jury secrecy provision because they are not "matters occurring before the grand jury."); United States v. Diaz, 236 F.R.D. 470, 479 (N.D. Cal. 2006) ("The public right of access to grand jury records that are purely ministerial requires no showing of particularized need on behalf of defendants").

      Moreover, there is no Rule or statutory provision which requires that orders empanelling or extending the term of a Grand Jury be sealed, nor that the documentation which accompanies the return by a Grand Jury of a True Bill, nor other documentation which will identify to a particular indictment the specific Grand Jury which voted its return be sealed. In the case of the first Indictment in this matter, in fact, the name of the foreperson of the Grand Jury is properly a matter of public record, consistent with Rule 7 of the Court's Rules, see fn. 2, supra, and the name of the foreperson of the Grand Jury which returned the Superseding Indictment would be as well, if he or she had a legible signature. See fn. 1, supra.

      The importance of these documents, and the salutary purpose of making them available to defense counsel is pointedly illustrated by a line of appellate authority which arose in the Second Circuit more than 30 years ago when the courts held that a Rule 6(g) Grand Jury had no authority to return an indictment after the expiration of its term, see United States v. Fein, 370 F. Supp. 466, 468-469 (E.D.N.Y.) (Dooling, J.), aff'd 504 F.2d 1170 (2d Cir. 1974) (Mulligan, J.), and that such an indictment was void. See Macklin, 523 F.2d at 195. Implicit in those decisions was the ability of defense counsel to access the grand jury empanelment and extension documents and determine whether, as a factual matter, the grand jury which returned the particular indictment was acting under lawful authority.

      In February, we wrote the Government and asked it to provide to us such documentary information that it may have which is responsive to this request for

PAUL B. BERGMAN, P.C.
Hon. Sidney H. Stein
April 14, 2008
Page 4

information. We have not received a written response, although Ms. Landis recently advised me that she could not provide any documentation either because she was not aware that her office even had the documents we have requested nor, if it did, would they be required to be disclosed to the defense under Rule 16 of the Federal Rules of Criminal Procedure. Thus, the two places which have or might have the documents we need, are either unable or unwilling to provide them to us. That is why we have written to the Court and requested that Your Honor direct that the Clerk's Office and the United States Attorney's Office make available to the defense the documents that will identify the Grand Jury(s) which returned the indictments in this prosecution and establish the lawful provenance of those bodies. The expeditious production of that information will enable the defense to timely prepare factually complete arguments in support of any motion, pursuant to Rule 12(b)(3), Fed. R. Crim. P., addressed to the validity of the charges, based upon jurisdictional defects in the grand jury process. Defense pretrial motions are due May 5. I have enclosed herewith a proposed order which sets forth the documents I am requesting.

Thank you for your consideration of this application.

Respectfully yours,

Paul B. Bergman

PBB:ljr

Enclosure

cc:   Counsel for the Government (By Telecopier and ECF)
      All Defense Counsel of Record (By Regular Mail and ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,            :
                                     :
        - v. -                       :        PROPOSED ORDER
                                     :
ROBERT COPLAN,                       :        (S-1) 07 Cr. 453 (SHS)
MARTIN NISSENBAUM,                   :
RICHARD SHAPIRO,                     :
BRIAN VAUGHN,                        :
DAVID SMITH, and                     :
CHARLES BOLTON,                      :
                                     :
              Defendants.            :
------------------------------------x

UPON THE APPLICATION of counsel for the Defendant Brian Vaughn, the Clerk of the Court is directed to provide counsel with such documents that are presently under seal which will show the application for and orders of the Grand Jury or Special Grand Juries which returned the initial Indictment in this Prosecution on or about May 22, 2007 and the Superseding Indictment on or about February 19, 2008, together with any Orders, and applications therefor, extending the term of service of such Grand or Special Grand Juries, and documents within the Court file which show the return of such Indictments before the Magistrate Judge; and it further

ORDERED that, to the extent that the Clerk of the Court does not have such documentation on file, the United States Attorney shall provide the described documentation to counsel; and it is

                              SO ORDERED

                              _____
                                      U. S. D. J.

Dated:  New York, New York
        April    , 2008