**EXHIBIT P**



U.S. Department of Justice



*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 24, 2008

By Hand

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

      Re:    <u>United States v. Coplan et al., S1 07 Cr. 453 (SHS)</u>

Dear Judge Stein:

      The Government respectfully submits this letter in response to the April 14, 2008 letter of Paul Bergman, Esq. ("Bergman Ltr.") seeking the disclosure of certain grand jury materials on behalf of defendant Brian Vaughn. For the reasons set forth below, the Government does not object to the disclosure of certain of the items sought, but opposes disclosure of others.[1]

      In his letter, Vaughn seeks the disclosure of four sealed documents: the order impaneling the Grand Jury that returned the Indictments, any orders extending the Grand Jury's term, the Government's application in support of any extension and the True Bill form. Vaughn asserts that these documents are necessary to "ascertain whether the Indictments were returned within the lawful term of the Grand Jury, and . . . to determine whether the Grand Jury had jurisdiction to return the false statement charge, 18 U.S.C. § 1001." Bergman Ltr. p. 2. While the documents identified could potentially be relevant to the first of defendant's inquiries,

---

[1]    Defense counsel's letter incorrectly states that the Government refused to consent to the disclosure of the materials sought by Vaughn because they do not fall within Rule 16. *See* Bergman Ltr. p. 4. In fact, in response to defense counsel's initial request, AUSA Deborah Landis told Mr. Bergman that she had never received such a request before, that she did not know whether the United States Attorney's Office had possession of the requested materials, that she was unaware of any legal authority requiring that they be produced, and that Mr. Bergman should provide such authority if he wanted the Government to consider it. Defense counsel did not do so, and instead, submitted the April 14, 2008 letter to the Court without consulting with the Government in an attempt to resolve the issue.

Honorable Sidney H. Stein
April 24, 2008
Page 2

Vaughn has not articulated any conceivable basis upon which the documents referenced would be relevant to a motion to dismiss based on lack of venue. Venue either exists in this district or it does not. The documents sought by Vaughn simply do not bear on that issue.[2]

With respect to defendant's first inquiry, defendant speculates that the Grand Jury returned the Indictments beyond its lawful term based upon a May 26, 2004 e-mail produced by the Government during discovery. That e-mail references a May 24, 2004 article in the Wall Street Journal announcing the early stages of a grand jury investigation by this Office of Ernst & Young in connection with certain potentially abusive tax shelters. From that e-mail, defendant assumes that the Indictments in this case were returned by a grand jury that was sitting in 2004. That is not, however, the case. Both the original Indictment and the Superseding Indictment in this matter were returned by the same Special Grand Jury that was first impaneled in 2006. The signed Orders impaneling and extending the Special Grand Jury are kept under seal by the Court. The Government does not object, however, to the Court's unsealing those documents for the limited purpose of producing them to the defendant to show the precise dates the Special Grand Jury was impaneled and extended.

The Government does, however, object to the disclosure of the Government's application to extend the term of the Special Grand Jury and the True Bill form. Those documents contain matters occurring before the Grand Jury and are subject to the grand jury secrecy provisions of Rule 6(e) of the Federal Rules of Criminal Procedure. Specifically, the Government's extension application contains a description of the ongoing matters being investigated and considered by the Special Grand Jury, and the True Bill contains the specific vote of the Grand Jury with respect to the particular Indictments in this matter. *See, e.g., United States v. Cudahy*, 294 F.3d 947, 951 (7th Cir. 2002) ("[t]he purpose of Rule 6(e) is to protect the confidentiality of the grand jury's hearings and deliberations, and the term "matters occurring before the grand jury" is interpreted accordingly"); *In re Grand Jury Proceedings*, 813 F.Supp. 1451, 1469-70 (D. Col. 1993) (distinguishing ministerial records of the grand jury such as the order authorizing summons of the grand jury which were subject to disclosure in that case from non-ministerial records that reveal the substance of the grand jury's investigation or deliberations that were not subject to disclosure). Such matters may be disclosed - and often times only for in camera review by the Court - where a defendant has met the heavy burden of articulating specific facts tending to show "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii); *see, e.g., United States v. Loc Tien Nguyen*, 314 F.Supp.2d 612, 616 (E.D.Va. 2004) (defendant seeking disclosure of grand jury materials "bears the heavy burden of establishing that particularized and factually based grounds exist to support the proposition that irregularities in the grand jury proceedings may

---

[2] Indeed, defendants routinely move to dismiss portions or all of an indictment based on lack of venue without ever seeking grand jury materials.

Honorable Sidney H. Stein
April 24, 2008
Page 3

create a basis for dismissal of the indictment") (citations omitted); *United States v. Taveras*, 1995 WL 390167 at *12 (S.D.N.Y. June 30, 1995) ("[c]ounsel's unsupported view that abuses may have occurred in . . . the grand jury system is insufficient . . . to overcome the presumption of regularity of the grand jury proceedings and does not justify disturbing the traditional secrecy surrounding such proceedings") (citation omitted); *see also In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) (proceedings under Rule 6(e) receive a "presumption of secrecy and closure . . . the burden is on the party seeking disclosure to show a particularized need that outweighs the need for secrecy") (citations omitted). Aside from his factually incorrect speculation regarding the Special Grand Jury's term, Vaughn has not made any allegation of impropriety, much less this required showing. His request to disclose these materials should therefore be denied.

Accordingly, for the reasons set forth above, the Government does not object to the disclosure of the two-page document ordering the Impaneling of the Special Grand Jury that returned the Indictment and the Superseding Indictment and the one-page document ordering its extension. Because the defendant has not established the particularized and factually based grounds necessary to overcome the presumption of regularity of Grand Jury proceedings, disclosure of the application to extend the term of the Special Grand Jury and the True Bill should be denied.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: *Lauren Miller* (signature)

Lauren Goldberg / Marshall A. Camp
Assistant United States Attorneys
(212) 637-1040/1035

cc: All Defense Counsel (by fax and first class mail)

TOTAL P.04