**APPENDIX B**

17a

**APPENDIX D**

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

No. 95-04022-01-CR-C-5

UNITED STATES OF AMERICA, PLAINTIFF

*v.*

VICKIE S. CABRALES [DOB: 07/20/65], DEFENDANT

COUNT ONE:
18 U.S.C. § 371
NMT 5 Years
$250,000 Fine
Class D Felony
Supervised Release: NMT 3 Years

COUNT TWO:
18 U.S.C. § 1956(a)(1)(B)(ii)
NMT 20 Years
$500,000 Fine
Class C Felony
Supervised Release: NMT 3 Years

COUNT THREE:
18 U.S.C. § 1957
NMT 10 Years
$250,000 Fine
Class C Felony
Supervised Release: NMT 3 Years

$50 Special Assessment
(Each Count)

18a

---

[Filed: Sept. 6, 1995]

---

**INDICTMENT**

THE GRAND JURY CHARGES:

## COUNT ONE

That from on or about January 22, 1991, to on or about January 28, 1991, in the Western District of Missouri, and elsewhere, VICKIE S. CABRALES, defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with others both known and unknown to the grand jury, to commit offenses against the United States, to wit, conducting and attempting to conduct a financial transaction affecting interstate and foreign commerce, that is, the withdrawal of United States currency from the AmSouth Bank of Florida, which involved proceeds of a specified unlawful activity, that is, the knowing and intentional distribution of cocaine, a Schedule II controlled substance, knowing that the transaction was designed in whole or in part to avoid a transaction reporting requirement under federal law and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(ii); all in violation of Title 18, United States Code, Section 371.

19a

## OVERT ACTS

In furtherance of this conspiracy and to effectuate and accomplish the unlawful objectives thereof, one or more of the conspirators committed the following overt acts, among others:

1. On or about January 22, 1991, VICKIE S. CABRALES withdrew $9,500.00 in currency from the AmSouth Bank of Florida.

2. On or about January 23, 1991, VICKIE S. CABRALES withdrew $9,500.00 in currency from the AmSouth Bank of Florida.

3. On or about January 24, 1991, VICKIE S. CABRALES withdrew $9,500.00 in currency from the AmSouth Bank of Florida.

4. On or about January 28, 1991, VICKIE S. CABRALES withdrew $9,500.00 in currency from the AmSouth Bank of Florida.

## COUNT TWO

That on or about January 23, 1991, in the Western District of Missouri, and elsewhere, VICKIE S. CABRALES, defendant herein, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, the withdrawal of $9,500 in United States Currency from the AmSouth Bank of Florida, which involved the proceeds of a specified unlawful activity, that is, the knowing and intentional distribution of cocaine, a Schedule II controlled substance, knowing that the transaction was designed in whole or in part to avoid a transaction reporting requirement under federal law and that while conducting and attempting to conduct such financial transaction knew that the property

20a

involved in the financial transaction, that is, the funds in the amount of $9,500 represented the proceeds of some form of unlawful activity; all in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

## COUNT THREE

That on or about January 22, 1991, in the Western District of Missouri, and elsewhere, VICKIE S. CABRALES, defendant herein, did knowingly engage and attempt to engage in a monetary transaction, affecting interstate or foreign commence, in criminally derived property of a value greater than $10,000, that is, the deposit of a monetary instrument in the amount of $40,000, with the AmSouth Bank of Florida, such property having been derived from a specified unlawful activity, that is, the knowing and intentional distribution of cocaine, a Schedule II controlled substance, all in violation of Title 18, United States Code, Section 1957.

A TRUE BILL.

/s/ GLENDA M. CLAK
FOREPERSON OF THE GRAND JURY

/s/ E. EUGENE HARRISON
E. Eugene Harrison #26923
Assistant United States Attorney
Western District of Missouri

Dated:  September 6, 1995

EEH:tas

21a

**APPENDIX E**

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

———

No. 96-3080WMJC

UNITED STATES OF AMERICA, APPELLANT,

*v.*

VICKIE S. CABRALES, APPELLEE

———

[Filed:  June 12, 1997]

———

**ORDER DENYING PETITION FOR REHEARING
AND SUGGESTION FOR REHEARING EN BANC**

The appellant's suggestion for rehearing en banc
and appellant's petition for rehearing by the panel are
denied.

June 12, 1997

Ordered Entered at the Direction of the Court:

/s/ Michael E. Gans

Clerk, U.S. Court of Appeals, Eighth Circuit