# Exhibit D

Case 1:07-cr-00453-SHS   Document 88-7   Filed 05/06/2008   Page 1 of 6



# FACSIMILE COVER SHEET

U.S. ATTORNEY'S OFFICE, SDNY
ONE ST. ANDREW'S PLAZA
NEW YORK, NY 10007

AUSA Name: _Lauren Goldberg_

AUSA Telephone No: _(212) 637-1040_

AUSA Fax No.: _(212) 637-2937_

Date: _April 15, 2008_

No. pages (including cover sheet): 5
Date sent:

---

"FOR OFFICIAL USE ONLY" U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents, constitute "FOR OFFICIAL USE ONLY" information. This information is the property of the U.S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this information in error, please notify us immediately by telephone at the above number and destroy the information.

---

To:   Paula Junghans & Andrew Goldfarb        202-822-8106
      Brian Linder & Isabelle Kirshner         212-949-8255
      John J. Tigue, Jr.                       212-856-9494
      Peter H. Barrett                         228-868-1531
      Paul Bergman                             212-755-5509
      James Tucker                             601-985-4500
      Howard Heiss & Mark Racanelli            212-326-2061

Fax No.:

REMARKS:



U.S. Department of Justice

United States Attorney
Southern District of New York

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 15, 2008

By Fax and First Class Mail

Paula M. Junghans, Esq.
Andrew Goldfarb, Esq.
Zuckerman Spaeder LLP
1800 M Street, NW
Washington, D.C. 20036-5802

James Tucker, Esq.
Peter Barrett, Esq.
Butler, Snow, O'Mara, Stevens, and Cannada
AmSouth Plaza
210 East Capitol Street
Suite 1700
Jackson, MS 39201

Howard Heiss, Esq.
Mark Racanelli, Esq.
O'Melveny & Myers, LLP
Times Square Tower
7 Times Square
New York, NY 10036

Brian Linder, Esq.
Isabelle Kirshner, Esq.
Clayman & Rosenberg
305 Madison Avenue
New York, New York 10165

John Tigue, Jr., Esq.
Kristy Milkov, Esq.
Morvillo, Abramowitz, Grand,
   Iason, Anello & Bohrer P.C.
565 Fifth Avenue
New York, NY 10017

Re:   United States v. Coplan et al., S1 07 Cr. 453 (SHS)

Dear Counsel:

We write in response to your letter dated March 24, 2008 requesting disclosure of various documents and items of information.[1] As you know, "[t]here is no general constitutional right to discovery in a criminal case," Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Evanchik, 413 F.2d 950 (2d Cir. 1969) (a defendant in a criminal case has no "general

---

[1] We are reviewing the other discovery letters we received and will respond to them separately.

Counsel List
April 15, 2008
Page 2

right of discovery"); United States v. McGuiness, 764 F. Supp. 888, 894 (S.D.N.Y. 1991); United States v. Percevault, 490 F.2d 126, 130 (2d Cir. 1974) ("Rule 16 . . . was not intended to provide the defendant with access to the entirety of the government's case against him"). Instead, defendants are entitled only to that discovery permitted under Rule 16 or otherwise required under Brady, Giglio, and the Jencks Act. See United States v. Abdel Rahman, 1996 WL 185735 at *2 (S.D.N.Y. Apr. 18, 1996). Your letter goes far beyond these bounds, running over sixteen single-spaced pages and containing more than 80 numbered and lettered paragraphs and sub-paragraphs. Such "indiscriminate, free-wheeling, shotgun demands are usually denied out of hand." United States v. King, 49 F.R.D. 51, 53 (S.D.N.Y. 1970).

      The Government has and will continue to comply in good faith with its discovery obligations. Indeed, as specifically stated in some of our letters, the Government has to date provided discovery well beyond that required by Rule 16, including production of document indices and various document databases that are sortable, word-searchable, and which contain millions of pages of materials, in addition to a production of certain "core documents" the Government identified during its investigation. The Government's production was made available to you on a rolling basis well before your March 24, 2008 letter.[2]

      Your letter fails to acknowledge the Government's comprehensive discovery, specifically requesting certain items (e.g., various categories of documents, statements of the defendants and other items), which have either been produced or addressed in the Government's discovery to date. Thus, we request that you review the discovery produced and the accompanying letters, and let us know whether there are any materials requested in your letter that are both (a) discoverable, and the authority for such request, and (b) not already produced. We do, however, provide the following responses in connection with certain of your requests:

    a.    Footnote 1 of your letter requests production of statements made by all defendants during proffer sessions with the Government. As required by Rule 16, the Government has provided such statements to the individual defendant who made each statement. Please provide any legal authority you rely upon in making this broader request.

    b.    With respect to request #10, the Government is not aware of any searches, seizures or tracking devices used in connection with this investigation.

    c.    You have provided no authority to support request #15 for information regarding who attended the final Tax Division meeting where charging decisions were made. In any event, no member of the prosecution team

---

[2]    The Government's production of Rule 16 material is continuing as of this date.

Counsel List
April 15, 2008
Page 3

                       (current or former) was present during such meeting.

      d.     As indicated above, the Government's production of Rule 16 material is ongoing. With respect to the entities and individuals listed in Exhibit A to your letter, with the exception of some documents that fall plainly outside the bounds of Rule 16, we will provide you with documents produced to us by those parties. We are in the process of producing and continuing to produce documents provided by E&Y, Jenkens & Gilchrist ("J&G"), Arnold & Porter LLP, Sidley Austin LLP, Refco, and Bear Stearns & Co., Inc., among others. As we previously indicated, we will produce to you an index of the J&G documents, as well as a description of the Deutsche Bank documents provided to us by Deutsche Bank to assist in your review.

      e.     As we previously indicated, IRS audit documents are being reviewed for privilege. Earlier this week, IRS documents with redacted "DIF scores" were made available. When the remaining privilege review is complete, we will consider whether to provide you with a privilege log for any documents withheld.

          Your letter also requests various items that are not discoverable at all, such as "any documents that were printed out by the government during the course of its investigation of this case, or presented to any grand jury hearing evidence in this case, but which are being produced to the defendants in electronic (rather than paper) form." March 24, 2008 Ltr. p. 4. This particular request is utterly inappropriate. While we would be happy to discuss the mutual exchange of additional information beyond that required by Rule 16, we do not plan to unilaterally provide you with the sort of detailed roadmap of the government's evidence and investigative strategy that you have requested. This is particularly so since the Government has produced voluminous discovery in a user-friendly format beyond what it is required to do under the Rule, yet has not received a single page of reciprocal discovery from the defense.

          You also request various items, such as witness and exhibit lists, 3500 material and impeachment material, and ask that the Government agree to the schedule set by Judge Kaplan in the KPMG matter for the production of these items. These requests are premature, as we are months from trial and the Government's investigation and trial preparation are ongoing. While we would be happy to discuss with you a proposed schedule for the production of these items, the Government will not agree to any schedule that restricts entirely the Government's ability to supplement such productions beyond any original date agreed to by the parties.

          In your letter, you request disclosure of any evidence the Government intends to offer pursuant to Rule 404(b) "as soon as possible." At the present time, we have not identified any 404(b) evidence we intend to offer in evidence at trial, but will provide you with notice of

Counsel List
April 15, 2008
Page 4

any such evidence if, and when, we do so.

      With regard to your request for information regarding any improper disclosure of grand jury material, or other improprieties related to the grand jury, you have identified no basis for any claim that there has been improper disclosure, see United States v. Rioux, 97 F.3d 648, 662 (2d Cir. 1996) (outlining requirement for showing prima facie case of improper disclosure) and accordingly, we do not believe you have any right to discovery on this topic. See United States v. Wilson, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983) (Weinfeld, J.) ("[c]ounsel's unsupported view that abuses may have occurred in . . . the grand jury system is insufficient . . . to overcome the presumption of regularity of the grand jury proceedings and does not justify disturbing the traditional secrecy surrounding such proceedings"). In any event, we are not aware of any improper disclosure of grand jury material or any other impropriety related to the functioning of the grand jury.

      If you wish to provide additional authority to support your entitlement to any of the items you have requested, we will be happy to review it.

      Very truly yours,

      MICHAEL J. GARCIA
      United States Attorney
      Southern District of New York

By: _____
      Lauren Goldberg / Marshall A. Camp
      Assistant United States Attorneys
      (212) 637-1040/1035