**APPENDIX A**

A41

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    -v.-

SILVERIO RAMIREZ, and
ANGELICA VITUG,

                  Defendants.

- - - - - - - - - - - - - - - - x



INDICTMENT

S2 01 Cr. 414 (KMW)

## COUNT ONE

### CONSPIRACY

The Grand Jury charges:

1. From at least in or about February 1995, up to and including at least in or about May 2001, in the Southern District of New York and elsewhere, SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1001, 1341, and 1546.

### OBJECTS OF THE CONSPIRACY

2. It was a part and an object of the conspiracy that SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did falsify, conceal, and cover up by trick, scheme, and device, material facts, and would and did make materially false,

fictitious, and fraudulent statements and representations, and would and did make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in matters within the jurisdiction of the executive, legislative, and judicial branches of the Government of the United States, in violation of Title 18, United States Code, Section 1001.

3. It was a further part and an object of the conspiracy that SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, would and did place in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the Postal Service, and would and did deposit and cause to be deposited matters and things to be sent and delivered by a private and commercial interstate carrier, and would and did take and receive therefrom, such matters and things, and would and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matters and things, in violation of Title 18,

United States Code, Section 1341.

4. It was a further part and an object of the conspiracy that SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did subscribe as true, as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, false statements with respect to material facts in applications and other documents required by the immigration laws and regulations prescribed thereunder, and would and did knowingly present such applications and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546.

## OVERT ACTS

5. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about 1995, SILVERIO RAMIREZ, the defendant, met with a co-conspirator not named as a defendant herein, at RAMIREZ's law office, located at 150 Broadway, New York, New York, to discuss the filing of Form I-129 Petitions for a Nonimmigrant Worker ("Form I-129 Petitions") with the United States Immigration and Naturalization Service ("INS") on behalf of RAMIREZ's clients.

b. In or about September 1995, SILVERIO RAMIREZ, the defendant, mailed or caused to be mailed from RAMIREZ's law office, located at 150 Broadway, New York, New York, a Form I-129 Petition, which sought a visa pursuant to Section 101(a)(15)(H)(i)(B) of the Immigration and Nationality Act (an "H-1B visa") on behalf of one of RAMIREZ's clients and which falsely stated that RAMIREZ's client was going to be employed as a "market research analyst" at MetLife Insurance Company ("MetLife").

c. In or about early 1996, SILVERIO RAMIREZ, the defendant, instructed one of his clients to report to RAMIREZ's law office, located at 150 Broadway, New York, New York, in order to take an aptitude test to work at MetLife, in connection with the client's efforts to obtain an H-1B visa.

d. In or about May 1996, SILVERIO RAMIREZ, the defendant, mailed or caused to be mailed from RAMIREZ's law office, located at 150 Broadway, New York, New York, a Form I-129 Petition, which sought an H-1B visa on behalf of another one of RAMIREZ's clients and which falsely stated that RAMIREZ's client was going to be employed as a "market research analyst" at MetLife.

e. On or about January 14, 1997, ANGELICA VITUG, the defendant, signed an Application For Alien Employment Certification ("Form ETA-750"), which was filed with the United States Department of Labor ("DOL"), and which falsely stated that one of RAMIREZ's clients would be employed as a "controller" by

4

"Angelica C. Vitug, M.D.," whose offices were located at Raritan Medical Management Services ("RMMS") in "Raritan Plaza II, Raritan, Edison, New Jersey."

f. On or about February 7, 1997, ANGELICA VITUG, the defendant, signed approximately four (4) Form I-129 Petitions and falsely certified, under penalty of perjury, that she was empowered by her employer, Brooklyn Medical Group, P.C. ("BMG"), to file those petitions on behalf of BMG.

g. On or about December 14, 1999, ANGELICA VITUG, the defendant, signed a letter which was sent to the New Jersey Department of Labor, and which falsely stated that VITUG had a business address at "Raritan Plaza II, Raritan Center, Edison, N.J."

(Title 18, United States Code, Section 371.)

COUNTS TWO THROUGH FIVE

VISA FRAUD (RAMIREZ)

The Grand Jury further charges:

6. On or about the dates set forth below, in the Southern District of New York and elsewhere, SILVERIO RAMIREZ, the defendant, unlawfully, willfully, and knowingly subscribed as true, as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, false statements with respect to material facts in the following applications and other documents required by

5

the immigration laws and regulations prescribed thereunder, to wit, false statements regarding (1) the client's future employer and (2) the position to be held by the client, and knowingly presented the following applications and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact:

| COUNT | APPROXIMATE DATE | DOCUMENT PRESENTED |
|---|---|---|
| TWO | May 16, 1996 | Form I-129 Petition on behalf of MetLife and attachments (for Guillermo M.) |
| THREE | June 25, 1996 | Form I-129 Petition on behalf of MetLife and attachments (for Mariquit S.) |
| FOUR | August 16, 1996 | Form I-129 Petition on behalf of Dr. Mark S. Kirk, D.C. and attachments (for Guillermo M.) |
| FIVE | July 31, 1998 | Form I-129 Petition on behalf of MetLife and attachments (for Priscilla M.) |

(Title 18, United States Code, Sections 1546 and 2.)

## COUNTS SIX THROUGH NINE

## VISA FRAUD (RAMIREZ and VITUG)

The Grand Jury further charges:

7. On or about the dates set forth below, in the Southern District of New York and elsewhere, SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, unlawfully, willfully, and knowingly subscribed as true, as permitted under penalty of perjury under Section 1746 of Title 28, United States Code, false statements with respect to material facts in the following applications and other documents required by the immigration laws and regulations prescribed thereunder, to wit, each document contained one or more false statements regarding (1) the client's future employer, (2) the existence of the position to be held by the client, (3) VITUG's authority to file a Form I-129 Petition on behalf of BMG, (4) VITUG's status as a "Founding Partner" of BMG, and (5) the current employment of a "Public Health Educator (Diabetic Educator)" at BMG, and knowingly presented the following applications and other documents which contained such false statements and which failed to contain a reasonable basis in law and fact:

| COUNT | APPROXIMATE DATE | DOCUMENT PRESENTED |
|---|---|---|
| SIX | February 7, 1997 | Form I-129 Petition on behalf of BMG and attachments (for Glenda M.) |

7

| SEVEN | February 7, 1997 | Form I-129 Petition on behalf of BMG and attachments (for Rogelio P.) |
| EIGHT | February 7, 1997 | Form I-129 Petition on behalf of BMG and attachments (for Mary L.) |
| NINE | February 7, 1997 | Form I-129 Petition on behalf of BMG and attachments (for Rowena B.) |

(Title 18, United States Code, Sections 1546 and 2.)

COUNTS TEN THROUGH FOURTEEN

FALSE STATEMENTS (RAMIREZ and VITUG)

The Grand Jury further charges:

8.  On or about the dates set forth below, in the Southern District of New York and elsewhere, SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, unlawfully, willfully, and knowingly falsified, concealed, and covered up by trick, scheme, and device material facts, and made materially false, fictitious, and fraudulent statements and representations, and made and used false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in matters within the jurisdiction of the executive, legislative, and judicial branches of the Government of the United States, as indicated below:

8

| COUNT | APPROXIMATE DATE | DOCUMENT PRESENTED | FALSE STATEMENT(S) |
|---|---|---|---|
| TEN | January 30, 1997 | Labor Condition Application for H-1B Nonimmigrants | VITUG's authority to hire 5 Public Health Educators on behalf of BMG |
| ELEVEN | December 14, 1999 | Recruitment Report to N.J. Department of Labor | Location of VITUG's medical office at Raritan Plaza II, Raritan Center, Edison, N.J. |
| TWELVE | December 17, 1999 | Certified Job Notice | Location of VITUG's medical office at Raritan Plaza II, Raritan Center, Edison, N.J. |
| THIRTEEN | May 30, 1997 | Form ETA-750 on behalf of Medical Offices of Angelica C. Vitug | The existence of the position of office manager to be held by alien working at the Medical Offices of Angelica C. Vitug at RMMS |
| FOURTEEN | May 30, 1997 | Form ETA-750 on behalf of Medical Offices of Angelica C. Vitug | Alien will supervise 2 employees at Medical Offices of Angelica C. Vitug |

(Title 18, United States Code, Sections 1001 and 2.)

9

## COUNTS FIFTEEN THROUGH TWENTY FIVE

### MAIL FRAUD (RAMIREZ and VITUG)

The Grand Jury further charges:

9. On or about the dates set forth below, in the Southern District of New York and elsewhere, SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, as indicated below, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, to wit, a scheme to defraud certain of RAMIREZ's clients of money and honest services in one or more of the following ways (1) by filing fraudulent Form I-129 Petitions and Form ETA-750's on the client's behalf without informing the client of the fraud, to induce the clients to pay RAMIREZ's legal fees, and (2) by promising the clients that they would be employed in particular positions, to induce the clients to pay job search fees to Professional Career Placement International ("PCPI"), unlawfully, willfully, and knowingly, and for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, the following matters and things to be sent and delivered by the Postal Service, and did deposit and cause to be deposited the following matters and things to be sent and delivered by a private and commercial interstate carrier, and did take and receive therefrom, the following matters and things, and did knowingly

cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, the following matters and things:

| COUNT (and DEFENDANT) | APPROXIMATE DATE | MATTERS AND THINGS |
|---|---|---|
| FIFTEEN (RAMIREZ) | May 16, 1996 | Form I-129 Petition on behalf of MetLife and attachments (for Guillermo M.) |
| SIXTEEN (RAMIREZ) | June 25, 1996 | Form I-129 Petition on behalf of MetLife and attachments (for Mariquit S.) |
| SEVENTEEN (RAMIREZ) | August 16, 1996 | Form I-129 Petition on behalf of Dr. Mark S. Kirk, D.C. and attachments (for Guillermo M.) |
| EIGHTEEN (RAMIREZ and VITUG) | February 7, 1997 | Form I-129 Petition on behalf of BMG and attachments (for Rowena B.) |
| NINETEEN (RAMIREZ and VITUG) | February 4, 1997 | Postcard notice from the N.J. Department of Labor |
| TWENTY (RAMIREZ and VITUG) | February 20, 1997 | Cover letter and postcard notice from the N.J. Department of Labor |
| TWENTY ONE (RAMIREZ and VITUG) | December 14, 1999 | Recruitment Report to N.J. Department of Labor |
| TWENTY TWO (RAMIREZ) | July 31, 1998 | Cover letter and invoice for legal services rendered |

| TWENTY THREE (RAMIREZ) | July 31, 1998 | Form I-129 Petition on behalf of MetLife and attachments (for Priscilla M.) |
|---|---|---|
| TWENTY FOUR (RAMIREZ) | November 1, 1998 | Cover letter, copy of check, and invoice for legal services rendered |
| TWENTY FIVE (RAMIREZ) | February 4, 1999 | Cover letter and enclosures |

(Title 18, United States Code, Sections 1341, 1346, and 2.)

### FORFEITURE ALLEGATION

As a result of committing one or more of the foregoing offenses alleged in Counts One through Nine of the Indictment, SILVERIO RAMIREZ and ANGELICA VITUG, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii), any property constituting, derived from or traceable to the proceeds obtained directly or indirectly from the commission of visa fraud violations alleged in Counts One through Nine of the Indictment, including but not limited to the following:

CASH PROCEEDS

a. A sum of money equal to $250,000.00 in United States currency, representing the amount of proceeds obtained as a result of the offense, visa fraud, for which the defendants are jointly and severally liable.

12

BANK ACCOUNTS

b.  All United States currency funds or other monetary instruments up to and including $160,210.00 credited to account number 00000002950115053 in the name of "Silverio Ramirez Law Office," located at Summit Bank, New Jersey, seized pursuant to a seizure warrant dated May 16, 2001.

REAL PROPERTY

c.  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 436 Wheatsheaf Road, Roselle, New Jersey, more particularly described as:

> Lot 1A, 39A and 40A in block 19 on the tax map of the Borough of Roselle, Union County, New Jersey.

### Substitute Assets Provision

d.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to 18 U.S.C. § 982(b), to seek forfeiture of any

13

other property of said defendants up to the value of the above forfeitable property.

      (Title 18, United States Code, Section 982 and
Title 18, United States Code, Sections 371 and 1546.)

_____
FOREPERSON

_____
JAMES B. COMEY
United States Attorney